of the appeal on the docket pursuant to Rule 8007." Fed. R. Bankr.P. 8009(a)(1).

Seinfeld did not file a brief until January 5, 2007, without having been granted an extension of time. The United States District Court for the Southern District of New York *(Cote, J.)* granted a motion to dismiss the appeal based on untimeliness. The court found that the explanations provided by Seinfeld's counsel for his failure to meet the deadline did not meet the "excusable neglect" standard set forth in Bankruptcy Rule 9006. The court also applied the four-factor test for excusable neglect set forth in *Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership,* 507 U.S. 380, 395, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), concluding that the factors tilted in favor of World-Com. Among other things, the court determined that the prejudice to Seinfeld from dismissal of his appeal was minimal, given that his stockholder's derivative claims had already been entertained and rejected by the bankruptcy court, the district court, and the Court of Appeals. Seinfeld moved to reconsider and amend the judgment, but the district court denied this motion as well.

We review both the dismissal of the appeal and the denial of the motion for reconsideration for abuse of discretion. *See, e.g., Glatzer v. Enron Corp. (In re Enron Corp.),* 475 F.3d 131, 133 (2d Cir. 2007); *Munafo v. Metro. Transp. Auth.,* 381 F.3d 99, 105 (2d Cir.2004). We detect none.

For the foregoing reasons, the orders of the district court are AFFIRMED.

Philip JOHNSON, Plaintiff–Appellant,

v.

State of NEW YORK, Jane Doe, also known as Kagan, John Doe, also known as Pollack, Defendants,

City of New York, A.C.S., Queens A.C.S. Employees, Defendants– Appellees.

No. 07–1388–cv.

United States Court of Appeals, Second Circuit.

July 30, 2008.

Philip Johnson (Pro se) Newark, N.J., for Plaintiff–Appellant.

Elizabeth S. Natrella, Senior Counsel, Appeals Division, Joshua Chia–Shih Chao, New York City Law Department, New York, N.Y., for Defendants–Appellees.

PRESENT: Hon. GUIDO CALABRESI, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

In March 2004, Plaintiff–Appellant Philip Johnson filed a complaint pursuant to 42 U.S.C. § 1983 alleging that the City and State of New York, the Administration for Children's Services ("ACS"), and two ACS caseworkers deprived him of his constitu-

tional rights when they removed his children from his home on an emergency basis. In August 2004, the district court dismissed several claims and all claims against the State of New York, and determined that the only issue remaining before the court was whether the emergency removal of Johnson's children violated his due process rights. The remaining defendants (collectively "Appellees") filed a motion for summary judgment, which the district court subsequently granted. Johnson now appeals *pro se*, arguing, *inter alia*, that material facts were in dispute as to whether removal of the children was necessary for their safety.

We have considered all of Appellant's claims and find them to be without merit. For essentially the reasons as stated by the district court, *Johnson v. State of New York*, No. 04–CV–1070, 2007 WL 764514 (E.D.N.Y. March 9, 2007), we AFFIRM.